**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to: All Cases. | 18-md-2865 (LAK)<br><br>**Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters** |

The United States District Court for the Southern District of New York presents its compliments to the appropriate judicial authority of the United Kingdom of Great Britain and Northern Ireland (the "United Kingdom"), and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this court in the above captioned matter. This request is made pursuant to, and in conformity with, the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters.

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the appropriate judicial authority of the United Kingdom compel the below named individuals, in their capacity as Administrators and Special Administrators of the below named entities, to produce documents and testimony.

It is expected, based on existing timetables, that (i) the fact discovery period for the above captioned cases will close on or around June 30, 2021, (ii) the submission of expert reports will follow shortly after the close of fact discovery, and expert discovery will be completed at or around the end of 2021, (iii) the parties will move for summary judgment in

early 2022, and (iv) the United States District Court for the Southern District of New York will

schedule trial in or around 2022.  A party moving for or opposing summary judgment must

present evidence to support its arguments, as it does at trial, hence the following request which is

made in support of the pending proceedings in New York.

The particulars of this Hague Evidence Request are as follows:

| | | |
|---|---|---|
| **1.** | **Sender** | Honorable Lewis A. Kaplan<br>District Judge<br>United States District Court for the Southern District of New York |
| **2.** | **Central Authority of the Requested State** | The Senior Master<br>For the attention of the Foreign Process Section<br>Room E16<br>Royal Courts of Justice<br>Strand<br>LONDON WC2A 2LL |
| **3.** | **Person to whom the executed request is to be returned** | Neil J. Oxford<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, NY 10004-1482<br>Tel.:  (212) 837-6843<br>Email:  neil.oxford@hugheshubbard.com |

**4.  Specification of the day by which the requesting authority requires receipt of the response to the Letter of Request**

| | |
|---|---|
| **Date** | April 30, 2021 |
| **Reason for Urgency** | The fact discovery period is expected to close on or around June 30, 2021. Trial may be scheduled to occur in 2022, and the parties may move for summary judgment in early 2022 as well. |

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

| | | |
|---|---|---|
| **5a.** | **Requesting judicial authority (Article 3,a)** | Honorable Lewis A. Kaplan<br>District Judge<br>United States District Court for the Southern District of New York |

2

| | |
|---|---|
| **5b. To the competent authority of (Article 3,a)** | The United Kingdom of Great Britain and Northern Ireland |
| **5c. Names of the case and any identifying number** | In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation 18-md-2865 (LAK) |

**6.  Names and addresses of the parties and their representatives**

| | |
|---|---|
| **a.  Plaintiff** | Skatteforvaltningen<br>Hannemanns Allé 25<br>DK-2300 Copenhagen<br>Denmark |
| **Representatives** | William R. Maguire<br>Marc A. Weinstein<br>Neil J. Oxford<br>Dustin P. Smith<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, New York 10004-1482<br>United States |
| **b.  Defendants** | See attached Schedule A. |

**7.  Nature of the Proceedings**

**a.  Nature of the Proceedings**

In May and June 2018, Plaintiff Skatteforvaltningen ("SKAT") filed 140 similar complaints in eleven different federal judicial districts.  On October 3, 2018, the federal complaints were consolidated in this Multi-District Litigation ("MDL") and assigned to the Honorable Lewis A. Kaplan.  In February 2019, SKAT filed 43 additional complaints, which were consolidated into the MDL assigned to Judge Kaplan.  On November 19, 2019, SKAT filed another complaint in the Southern District of New York, which has also been incorporated into the MDL.

This case stems from a fraudulent tax refund scheme to deceive SKAT into paying out over 12.7 billion Danish Kroner ("DKK"), the equivalent of approximately $2.1 billion (US) of

3

allegedly withheld dividend tax. Each of over 300 claimants purported to own shares in Danish companies listed on the OMX Copenhagen 20 Index, the 20 most-traded stocks in Denmark. Danish companies are required to withhold 27% tax on dividends they pay to shareholders. Under certain double taxation treaties between Denmark and other countries, including the United States, this amount is reimbursable to certain non-Danish shareholders. The claimants, acting through their agents and representatives, applied to SKAT claiming repayments of amounts withheld on dividends that they purported to have earned on shares of Danish companies that they claimed to hold. These applications are alleged to have been fraudulent because the claimants did not own the shares that they claimed to own, did not earn the dividends they claimed to have earned, and/or were not entitled to the refund amounts they claimed. Based on the allegedly false refund claims submitted by the defendants in the MDL, SKAT asserts that it paid baseless withholding tax refund claims of approximately $1.2 billion (US). Claimants, that were based in the United States, along with certain of their authorized representatives and other affiliated individuals and entities, are the Defendants in this MDL.

The claimants effectuated the scheme by appointing agents to apply to SKAT for refunds in respect of shares in Danish companies that they did not own or for which they were not otherwise entitled. The claimants each submitted refund claims seeking the full 27% withholding tax that had allegedly been withheld from distributions on shares of Danish companies the claimants purported to own. These claims were submitted through payment agents, which in turn submitted the claims to SKAT. Each entity claiming a withholding tax refund submitted to SKAT a "credit advice," "income advice," "tax voucher," or similar document (a "Credit Advice") created by a custodian ("Custodian") that purported to show the claimant's ownership of shares in Danish companies listed on the OMX Copenhagen 20 Index.

Solo Capital Partners LLP ("Solo Capital") and other Custodians controlled by Sanjay Shah—Old Park Lane Capital Limited, West Point Derivatives Limited, and Telesto Markets LLP (together with Solo Capital, the "Solo Custodians")—have been in administration or special administration (insolvency proceedings in the United Kingdom) and under the supervision or special supervision of Douglas Nigel Rackham and Michael John Andrew Jervis (the "Administrators") since September 2016. SKAT understands from the pleadings of the Sanjay Shah defendants in the English proceedings, and correspondence between former counsel for the Solo Custodians and the United Kingdom's Financial Conduct Authority (the "FCA"), that the Solo Custodians themselves did not have custody of the securities reflected on the Solo Custodians' Credit Advices, but instead the Solo Custodians purported to have custody accounts with other credit institutions where the securities were held: "JP Morgan," "SEB," and "Societe General SA, Zurich Branch" (the "Referenced Sub-Custodians"). The Referenced Sub-Custodians are alleged to have held Danish Securities on behalf the Solo Custodians, and by extension, certain Defendants in this MDL.

As such, information related to the Referenced Sub-Custodians and the Solo Custodians is relevant to the issue as to whether the Defendants held the shares they purported to own, and so is pertinent to the claims in the MDL. Likewise, information about whether the Solo Custodians' bank accounts actually received any Dividends is relevant to the issue as to whether the Defendants held the shares they purported to own, and received the Dividends they purported to receive, and so pertinent to the claims in the MDL. Finally, the Solo Custodian's correspondence with the FCA is relevant to the Sub-Custodians[1] purported holdings of Danish

---

1. As defined below, "Sub-Custodians" means any entity that acted as a sub-custodian for the Solo Custodians, including, but not limited to, J.P. Morgan Securities plc; Skandinaviska Enskilda Banken, Danmark; and

Securities or receipt of Dividends, as the Solo Custodians' former counsel has in its correspondence with the FCA made statement regarding the Solo Custodians' use of Sub-Custodians in relation to Danish Securities and Dividends.

**b. Summary of Complaints**

The allegations in SKAT's complaints in the consolidated actions are substantially similar.  SKAT brought complaints against multiple classes of defendants that are subject to jurisdiction in the United States, including:  "<u>Plan Defendants</u>," the pension plans that submitted fraudulent dividend withholding tax refund claims to SKAT; "<u>Authorized Representative Defendants</u>," individuals who signed powers of attorney authorizing payment agents to submit fraudulent dividend withholding tax refund claims to SKAT; and "<u>Incorporator Defendants</u>," defendants who incorporated business entities associated with the Plan Defendants that submitted fraudulent dividend withholding tax refund claims to SKAT; as well as other affiliated individuals and entities.  The complaints allege that between 2012 and 2015, Defendants submitted fraudulent requests for tax refunds to SKAT.  Plaintiff SKAT asserts claims for fraud, aiding and abetting fraud, payment by mistake, unjust enrichment, negligent misrepresentation, and related claims.

**c. Summary of Defense**

The Defendants have been heard in the context of this proceeding by way of their respective answers and response to the complaints, and deny the facts set forth in support of the claims asserted in the complaints.  Defendants have had notice of this Hague Evidence Request.

---

Société Générale SA, and any of their affiliates, subsidiaries, predecessors, successors, assigns, principals, officers, directors, employees, agents, representatives, and attorneys.

| | |
|---|---|
| **8a. Evidence to be obtained or other judicial act to be performed (Article 3,d)** | Plaintiff SKAT seeks documents and witness examination on oral questions for not more than a total of seven hours from Douglas Nigel Rackham and/or Michael John Andrew Jervis in their capacity of Special Administrators of Solo Capital and Administrators of Solo Group (Holdings) Limited, Solo Group Services Limited, Old Park Lane Capital Limited, West Point Derivatives Limited, and Telesto Markets LLP. |
| **8b. Purpose of the evidence or other judicial act sought** | The documents requested from the Administrators will demonstrate whether the Defendants made false representations regarding their ownership of shares in Danish companies; whether the Defendants owned shares in the Danish companies in which they purported to own shares or owned such shares in sufficient quantities to obtain dividends they claim to have received; the circumstances of Defendants' ownership of shares and receipt of dividends from the Danish companies in which Defendants purported to own shares; and whether the Defendants were paid dividends from Danish companies in which they purported to own shares and from which Defendants purported to have received dividends, including whether Defendants had tax withheld on the dividends they purported to receive from Danish companies. |
| **9. Identity and address of any person to be examined (Article 3,e)** | Douglas Nigel Rackham (Special Administrator of Solo Capital and Administrator to the Associated Entities) PriceWaterhouseCoopers LLP 7 More London, Riverside, London United Kingdom<br><br>Michael John Andrew Jervis (Special Administrator of Solo Capital and Administrator to the Associated Entities) PriceWaterhouseCoopers LLP 7 More London, Riverside, London United Kingdom |

**10. Questions to be put to the person to be examined or statement of the subject-matter about which they are to be examined (Article 3,f)**

The Solo Custodians purportedly acted as Custodians to certain of the Plans that are defendants in the MDL and allegedly used Sub-Custodians to provide custody services to these defendant Plans.

The Administrators are now in possession of the records of the Solo Custodians, related to the Defendants purported ownership and/or trading of Danish Securities including information related to the use of Sub-Custodians by the Solo Custodians.

The subject of the oral testimony will be:

i.     The Solo Custodians' accounts holding Danish Securities at any Sub-Custodian, during the Applicable Period;

ii.    The statements of the Solo Custodians into which any Dividend was paid, during the Applicable Period; and

iii.   The written correspondence between the Solo Custodians and the United Kingdom's Financial Conduct Authority ("FCA"), including filings the Custodians made with the FCA, during the Applicable Period; and

iv.    Authentication of documents produced pursuant to Paragraph 11, if necessary.

**11. Documents or other property to be inspected (Article 3,g)**

The United States District Court for the Southern District of New York requests that the Administrators produce the following documents, described below, which are in their custody, possession or control, provide a business records certification in the form annexed hereto, and to answer questions upon oral deposition regarding the authenticity, purpose, and meaning of the documents so produced.

**a. Definitions**

i.   "Applicable Period" means January 1, 2012 until December 31, 2016.

ii.  "Danish Securities" means shares of any one of the following Danish securities:

1. A.P. Møller Mærsk A/S
2. A.P. Møller Mærsk A/S A
3. A.P. Møller Mærsk A/S B
4. Auriga Industries A/S
5. Carlsberg A/S
6. Carlsberg A/S - B
7. CHR. Hansen Holding A/S
8. Coloplast A/S
9. Coloplast A/S - B
10. Dampskibsselskabet Norden A/S
11. Danske Bank A/S
12. DSV A/S
13. FLSmidth & CO A/S
14. Gn Store Nord A/S
15. H Lundbeck A/S
16. IC Company A/S
17. ISS World Services A/S
18. NKT Holding A/S
19. Novo Nordisk A/S
20. Novo Nordisk A/S B
21. Novozymes A/S
22. Novozymes A/S B
23. Pandora A/S
24. Simcorp A/S
25. Sydbank A/S
26. TDC A/S
27. Tryg A/S
28. Vestas Wind Systems A/S

iii. "<u>Defendants</u>" means any of the United States defendants identified on the attached Schedule A.

iv. "<u>Dividend(s)</u>" means any dividend received as a result of any interest in a Danish Security, including, but not limited to, manufactured dividends and any other dividends not received directly from the entity that issued the dividend.

v. "<u>Solo Custodians</u>" means Old Park Lane Capital PLC, Solo Capital Partners LLP, Telesto Markets LLP, and West Point Derivatives Ltd.

vi. "<u>Sub-Custodian(s)</u>" means any entity that acted as a sub-custodian for the Solo Custodians, including, but not limited to, J.P. Morgan Securities plc; Skandinaviska Enskilda Banken, Danmark; Société Générale SA, and any of their affiliates, subsidiaries, predecessors, successors, assigns, principals, officers, directors, employees, agents, representatives, and attorneys.

**b. Documents to be Produced**

i.    The statements of the Solo Custodians' accounts holding Danish Securities at any Sub-Custodian, during the Applicable Period;

ii.    The bank account statements of the Solo Custodians into which any Dividend was paid, during the Applicable Period; and

iii.    The written correspondence between the Solo Custodians and the FCA, including filings the Custodians made with the FCA, during the Applicable Period.

| | |
|---|---|
| **12. Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3,h)** | The examinations shall be taken under the Federal Rules of Civil Procedure of the United States of America, except to the extent such procedure is incompatible with the law of the United Kingdom.  The testimony shall be given under oath. |
| **13. Special methods or procedure to be followed (Articles 3,i and 9)** | The United States District Court for the Southern District of New York further requests that the Parties' representatives or their designees, a court reporter, and a videographer be permitted to be present during the examination and make a verbatim record of the proceedings; and that the representatives or designees be permitted to examine and cross-examine the witnesses directly. |
| **14. Request for notification of the time and place for the execution of the Request and identity and address of  any person to be notified  (Article 7)** | It is requested that testimony be taken at such place, date, or time as ordered by the Royal Courts of Justice and/or as otherwise scheduled by the representatives of the Plaintiffs and/or as otherwise agreed to by the witnesses and the respective representatives of the Parties.<br><br>Notice thereof should be made to Plaintiff's counsel:<br>Richard Dickman<br>Pinsent Masons LLP<br>30 Crown Place<br>Earl Street<br>London EC2A 4ES |
| **15. Request for attendance or participation of judicial personnel of the requesting  authority at the execution  of the Letter of Request  (Article 8)** | None |

10

| | |
|---|---|
| **16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin  (Article 11, b)** | Under the laws of the United States, a party has a privilege to refuse to disclose the contents of a confidential communication between that party and an attorney that was made for the purpose of obtaining legal advice. |
| | Parties also enjoy limited privileges not relevant here, such as communications between physician and patient, psychotherapist and patient, husband and wife, or clergy and penitent. |
| | United States law also recognizes a testimonial privilege for individuals against criminal self-incrimination.  This privilege does not apply to production of documents by an entity. |
| | Outside the strict area of privilege, certain limited immunities are available that may place restrictions on the giving of evidence, such as the limited protection of documents created by attorneys in anticipation of litigation. |
| **17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by** | SKAT |

Date of Request:

_____
Signature and Seal of the
Requesting Authority

11

## SCHEDULE A – DEFENDANTS AND REPRESENTATIVES

| Defendant | Representative |
|---|---|
| Avanix Management LLC<br>Avanix Management LLC Roth 401K Plan<br>Batavia Capital Pension Plan<br>Calypso Investments Pension Plan<br>Cavus Systems LLC<br>Cavus Systems LLC Roth 401(K) Plan<br>Hadron Industries LLC<br>Hadron Industries LLC Roth 401(K) Plan<br>Jocelyn Markowitz<br>Richard Markowitz<br>RJM Capital Pension Plan<br>RJM Capital Pension Plan Trust<br>Routt Capital Pension Plan<br>Routt Capital Trust | **Alan E. Schoenfeld**<br>WilmerHale<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br><br>Tel:   (212) 295-6401<br>alan.schoenfeld@wilmerhale.com |
| David W. Freelove<br>Del Mar Asset Management Saving &<br>Retirement Plan<br>Federated Logistics LLC 401(K) Plan<br>John C. Doscas<br>Sterling Alpha LLC 401(K) Profit Sharing Plan | **Bryan C. Skarlatos**<br>**Eric Smith**<br>Kostelanetz & Fink, LLP<br>7 World Trade Center<br>250 Greenwich Street, 34th Fl.<br>New York, NY 10007<br><br>Tel:   (212) 808-8100<br>bskarlatos@kflaw.com<br>esmith@kflaw.com |

| | |
|---|---|
| Azalea Pension Plan<br>Basalt Ventures LLC Roth 401(K) Plan<br>Bernina Pension Plan<br>Bernina Pension Plan Trust<br>Elizabeth Van Merkensteijn<br>John Van Merkensteijn<br>Michelle Investments Pension Plan<br>Omineca Pension Plan<br>Omineca Trust<br>Remece Investments LLC Pension Plan<br>Starfish Capital Management LLC Roth 401(K) Plan<br>Tarvos Pension Plan<br>Voojoo Productions LLC Roth 401(K) Plan<br>Xiphias LLC Pension Plan | **Caroline Ciraolo**<br>**Sharon L. McCarthy**<br>**Nicholas S. Bahnsen**<br>Kostelanetz & Fink, LLP<br>601 New Jersey Avenue, NW<br>Suite 620<br>Washington, DC 20001<br><br>Tel:  (202) 875-8000<br>cciraolo@kflaw.com<br>smccarthy@kflaw.com<br>nbahnsen@kflaw.com |
| Robert Klugman<br>Aerovane Logistics LLC Roth 401(K) Plan<br>Edgepoint Capital LLC Roth 401(K) Plan<br>Headsail Manufacturing LLC Roth 401(K) Plan<br>The Random Holdings 401K Plan | **David L. Goldberg**<br>Katten Muchin Rosenman LLP<br>575 Madison Avenue<br>New York, NY 10022<br><br>Tel:  (212) 940-6787<br>david.goldberg@kattenlaw.com |
| Acer Investment Group LLC<br>Alexander Jamie Mitchell III<br>American Investment Group of New York, L.P. Pension Plan<br>Darren Wittwer<br>David Schulman<br>DW Construction, Inc. Retirement Plan<br>Joan Schulman<br>Kamco Investments, Inc. Pension Plan<br>Kamco LP Profit Sharing Pension Plan<br>Linden Associates Defined Benefit Plan<br>Moira Associates LLC 401 (K) Plan<br>Newsong Fellowship Church 401 (K) Plan<br>Riverside Associates Defined Benefit Plan<br>Robert Crema<br>Stacey Kaminer | **John C. Blessington**<br>**Brandon R. Dillman**<br>**Michael Waller**<br>K&L Gates LLP<br>State Street Financial Center, One Lincoln Street<br>Boston, MA 02111<br><br>Tel:  (617) 261-3100<br>john.blessington@klgates.com<br>brandon.dillman@klgates.com<br>michael.waller@klgates.com |

| | |
|---|---|
| Acorn Capital Corporation Employee Profit Sharing Plan<br>Acorn Capital Strategies LLC Employee Pension Profit Sharing Plan & Trust<br>Cambridge Way LLC 401K Profit Sharing Plan<br>Gregory Summers<br>Shreepal Shah | **John Hanamirian**<br>Hanamirian Law Firm<br>30 Wall Street<br>New York, NY 10005<br><br>Tel: (856) 793-9092<br>jmh@hanamirian.com |
| Ackview Solo 401K Plain<br>Aerovane Logistics LLC Roth 401(K) Plan<br>Blackrain Pegasus LLC Solo 401K Plan<br>Blue Ocean Equity LLC Retirement Plan & Trust<br>Bradley Crescenzo<br>Carl Andrew Vergari<br>Cole Enterprises USA Retirement Plan & Trust<br>CSCC Capital Pension Plan<br>Delgado Fox LLC Solo 401K Plan<br>Doston Bradley<br>Edgepoint Capital LLC Roth 401(K) Plan<br>FiftyEightSixty LLC Solo 401K Plan<br>Gavin Crescenzo<br>Gyos 23 LLC Solo 401K Plan<br>Headsail Manufacturing LLC Roth 401K Plan<br>JML Capital LLC 401K Plan<br>John LaChance<br>Kevin Kenning<br>KK Law Firm Retirement Plan Trust<br>Matthew Tucci<br>Mitchell Protass<br>Natoli Management Pension Plan<br>Nova Fonta Trading LLC 401K Plan<br>NYCATX LLC Solo 401K Plan<br>OneZeroFive LLC Solo 401K Plan<br>Pegasus Fox 23 LLC Solo 401K Plan<br>RAK Investment Trust<br>Robert Klugman<br>Roger Lehman<br>Sanford Villa Pension Plan<br>Sean P. Driscoll<br>Svetlin Petkov<br>The 78 Yorktown Pension Plan<br>The Aria Pension Plan<br>The Aston Advisors LLC 401K Plan<br>The Atlantic DHR 401K Plan | **Mark Allison**<br>**Zhanna Ziering**<br>Caplin & Drysdale, Chartered<br>600 Lexington Avenue, 21st Floor<br>New York, NY 10022<br><br>Tel: (212) 379-6000<br>mallison@capdale.com<br>zziering@capdale.com |

The Balmoral Management LLC 401K Pension
Plan
The Beech Tree Partners 401K Plan
The Belforte Pension Plan
The Bella Consultants Pension Plan
The Blackbird 401K Plan
The Bradley London Pension Plan
The Bravos Advisors 401K Plan
The Busby Black 401K Plan
The Cambridge Town Line Pension Plan
The Canada Rock LLC 401K Plan
The Cardinal Consulting Pension Plan
The Chambers Property Management, LLC
401K Plan
The Costello Advisors Pension Plan
The Crow Associates Pension Plan
The Diamond Scott Capital Pension Plan
The Dink 14 LLC 401K Plan
The DMR Pension Plan
The Dosmon BLY Pension Plan
The Egret Associates LLC 401K Plan
The Eskin Pension Plan
The Everything Clean LLC 401K Plan
The Fieldcrest Pension Plan
The FWC Capital LLC Pension Plan
The Green Group Site Pension Plan
The Hawk Group Pension Plan
The Heron Advisors Pension Plan
The Hibiscus Partners LLC 401K Plan
The Hoboken Advisors LLC 401K Plan
The Hotel Fromance Pension Plan
The Houston Rocco LLC 401K Plan
The India Bombay LLC 401K Pension Plan
The ISDB Pension Plan
The Jayfran Blue Pension Plan
The Joanne E. Bradley Solo 401K Plan
The JT Health Consulting LLC 401K Plan
The Jump Group LLC 401K Plan
The KASV Group Pension Plan
The Kodiak Capital Pension Plan
The Krabi Holdings LLC 401K Plan
The Kyber Pension Plan
The Lakeview Advisors 401K Plan
The LBR Capital Pension Plan
The Lerici Capital Pension Plan
The Ludlow Holdings 401K Plan

The M2F Wellness LLC 401K Plan
The Maple Advisors LLC 401K Plan
The Monin Amper Pension Plan
The Mountain Air LLC 401K Plan
The MPQ Holdings LLC 401K Plan
The Mueller Investments Pension Plan
The NYC Stanismore Pension Plan
The Oak Tree One 401K Plan
The Oaks Group Pension Plan
The Osprey Assocs. LLC 401K Plan
The Patrick Partners Conglomerate Pension Plan
The Petkov Management LLC 401K Plan
The Petkov Partners Pension Plan
The Proper Pacific LLC 401K Plan
The Random Holdings 401K Plan
The RDL Consulting Group LLC Pension Plan
The Regoleth Pension Plan
The Robin Daniel Pension Plan
The Saba Capital LLC 401K Plan
The Sandpiper Pension Plan
The Sea Bright Advisors LLC 401K Plan
The Sector 230 LLC 401K Plan
The Shapiro Blue Management LLC 401K Plan
The Sinclair Pension Plan
The SKSL LLC Pension Plan
The Skybax LLC 401K Plan
The Snow Hill Pension Plan
The SPKK LLC 401K Plan
The Stark Pension Plan
The Stor Capital Consulting LLC 401K Plan
The SVP 401K Plan
The Tag Realty Advisors LLC 401K Plan
The Texas Rocco LLC 401K Plan
The Throckmorton Advisors 401K Plan
The TKKJ LLC 401K Plan
The Valerius LLC Solo 401K Plan
The Wave Maven LLC 401K Plan
The West River Pension Plan
The Westport Advisors LLC 401K Plan
The Westridge Ave LLC 401K Plan
The Zen Training LLC 401(K) Plan
Thomas Kertelits
Todd Bergeron
Vincent Natoli

| | |
|---|---|
| Andrea Tew<br>Autoparts Pensions Group Trust<br>Bernard Tew<br>Bluegrass Investment Management, LLC<br>Bluegrass Investment Management, LLC<br>Retirement Plan<br>Bluegrass Retirement Group Trust<br>Casting Pensions Group Trust<br>Central Technologies Pensions Group Trust<br>Industrial Pensions Group Trust<br>Stephanie Tew<br>SV Holdings, LLC Retirement Plan<br>Tew Enterprises, LLC Retirement Plan<br>Tew, LP Retirement Plan<br>Vincent Tew | **Mark J. Hyland**<br>**Thomas Ross Hooper**<br>Seward & Kissel LLP<br>One Battery Park Plaza<br>New York, NY 10004<br><br>Tel:  (202) 737-8833<br>hyland@sewkis.com<br>hooper@sewkis.com<br><br>**Philip W. Collier**<br>**John W. Pollom**<br>Stites & Harbison PLLC<br>400 West Market Street<br>Suite 1800<br>Louisville, Kentucky 40202<br>Tel: (502) 587-3400<br>pcollier@stites.com<br>jpollom@stites.com |
| Scott Goldstein<br>Sheldon Goldstein<br>The Goldstein Law Group PC 401(K) Profit<br>Sharing Plan | **Martin H. Kaplan**<br>**Kari Parks**<br>Gusrae Kaplan Nusbaum PLLC<br>120 Wall Street<br>New York, New York 10005<br><br>Tel:  (212) 269-1400<br>mkaplan@gusraekaplan.com<br>kparks@gusraekaplan.com |

| | |
|---|---|
| Albedo Management LLC Roth 401(K) Plan<br>Ballast Ventures LLC Roth 401(K) Plan<br>Bareroot Capital Investments LLC Roth 401(K)<br>Plan<br>Battu Holdings LLC Roth 401K Plan<br>Cantata Industries LLC Roth 401(K) Plan<br>Cedar Hill Capital Investments LLC Roth<br>401(K) Plan<br>Crucible Ventures LLC Roth 401(K) Plan<br>David Zelman<br>Dicot Technologies LLC Roth 401(K) Plan<br>Eclouge Industry LLC Roth 401(K) Plan<br>Edwin Miller<br>Fairlie Investments LLC Roth 401(K) Plan<br>First Ascent Worldwide LLC Roth 401(K) Plan<br>Fulcrum Productions LLC Roth 401(K) Plan<br>Green Scale Management LLC Roth 401(K)<br>Plan<br>Joseph Herman<br>Keystone Technologies LLC Roth 401(K) Plan<br>Limelight Global Productions LLC Roth 401(K)<br>Plan<br>Loggerhead Services LLC Roth 401(K) Plan<br>Monomer Industries LLC Roth 401(K) Plan<br>PAB Facilities Global LLC Roth 401(K) Plan<br>Perry Lerner<br>Pinax Holdings LLC Roth 401(K) Plan<br>Plumrose Industries LLC Roth 401K Plan<br>Roadcraft Technologies LLC Roth 401(K) Plan<br>Robin Jones<br>Ronald Altbach<br>Sternway Logistics LLC Roth 401(K) Plan<br>Trailing Edge Productions LLC Roth 401(K)<br>Plan<br>True Wind Investments LLC Roth 401(K) Plan<br>Tumba Systems LLC Roth 401(K) Plan<br>Vanderlee Technologies Pension Plan<br>Vanderlee Technologies Pension Plan Trust | **Michelle A. Rice**<br>Kaplan Rice LLP<br>142 West 57th Street, Suite 4A<br>New York, NY 10019<br><br>Tel:   (212) 235-0300<br>mrice@kaplanrice.com |

| | |
|---|---|
| ED&F Man Capital Markets, Ltd. | **Neil S. Binder**<br>Binder & Schwartz, LLP<br>366 Madison Avenue, 6th Floor<br>New York, NY 10017<br><br>Tel: (212) 510-7031<br>nbinder@binderschwartz.com |
| George Hofmeister<br>JSH Farms LLC 401(K) Plan<br>KRH Farms LLC 401(K) Plan<br>MGH Farms LLC 401(K) Plan<br>MSJJ Retirement Group Trust<br>SRH Farms LLC 401(K) Plan<br>Triton Farms LLC 401(K) Plan | **Sheldon S. Toll**<br>Law Office of Sheldon S. Toll PLLC<br>29580 Northwestern Hwy., Ste. 1000<br>Southfield, MI 48034<br>Tel:   (248) 797-9111<br>sst@lawtoll.com<br><br>**James O'Toole**<br>Smith & O'Toole, PLLC<br>2333 Alexandria Dr.<br>Lexington, KY 40504<br>Tel:   (859) 514-6072<br><br>114 N.2nd St., Ste. A<br>Richmond, KY 40475<br>Tel:   (859) 575-2639<br>jotoole@smithotoole.com |
| Sander Gerber<br>Sander Gerber Pension Plan | **Stephen D. Andrews**<br>**Amy B. McKinlay**<br>Williams & Connolly LLP<br>725 Twelfth Street, N.W.<br>Washington, DC 20005<br><br>Tel:   (202) 434-5000<br>sandrews@wc.com<br>amckinlay@wc.com |

| | |
|---|---|
| Michael Ben-Jacob | **Thomas E.L. Dewey**<br>**David S. Pegno**<br>**Sean Mullen**<br>Dewey Pegno & Kramarsky LLP<br>777 Third Avenue<br>New York, NY 10017<br><br>Tel:  (212) 943-9000<br>tdewey@dpklaw.com<br>dpengo@dpklaw.com<br>smullen@dpklaw.com |
| Clove Pension Plan<br>Delvian LLC Pension Plan<br>Mill River Capital Management Pension Plan<br>Traden Investments Pension Plan | **Edward M. Spiro**<br>Morvillo, Abramowitz, Grand, Iason & Anello PC<br>565 Fifth Avenue<br>New York, NY 10017<br><br>Tel:  (212) 856-9600<br>espiro@maglaw.com |
| California Catalog Company Pension Plan<br>Davin Investments Pension Plan<br>DFL Investments Pension Plan<br>Laegeler Asset Management Pension Plan<br>Next Level Pension Plan<br>Rajan Investments LLC Pension Plan<br>Spirit on the Water Pension Plan | **Gabrielle S. Friedman**<br>Lankler Siffert & Wohl LLP<br>500 Fifth Avenue<br>New York, NY 10110<br><br>Tel:  (212) 921-8399<br>gfriedman@lswlaw.com |
| 2321 Capital Pension Plan<br>Bowline Management Pension Plan<br>Lion Advisory Inc. Pension Plan | **Robert H. Pees**<br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>Bank of America Tower<br>New York, NY 10036<br><br>Tel:  (212) 872-1000<br>rpees@akingump.com |

| Alexander Burns | **Michael Tremonte**<br>Sher Tremonte LLP<br>90 Broad Street, 23rd Floor<br>New York, NY 10004<br><br>Tel:  (212) 202-2600<br>mtremonte@shertremonte.com |
| --- | --- |

### UNREPRESENTED DFENDANTS

| Defendant | Address |
| --- | --- |
| Raubritter LLC Pension Plan | 160 Central Park South, 1726<br>New York, NY 10019 |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

CUSTOMS AND TAX ADMINISTRATION OF
THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

This document relates to: All Cases.

18-md-2865 (LAK)

## <u>DECLARATION OF [WITNESS]</u>

I, [Witness], hereby declare as follows:

1.      I am [position] at PricewaterhouseCoopers LLP ("PWC").

2.      On September __, 2016, insolvency proceedings were commenced in the High

Court of Justice, Chancery Division, Companies Court, whereby Solo Capital Partners LLP

("<u>Solo Capital</u>") was placed into special administration and Old Park Lane Capital Limited,

Telesto Markets LLP, and West Point Derivatives Limited (collectively with Solo Capital, the

"<u>Solo Custodians</u>") were placed into administration.  On September 23, 2016, Douglas Nigel

Rackham and Michael John Andrew Jervis (together, the "<u>Administrators</u>") of PWC were

appointed joint special administrators of Solo Capital and joint administrators of the other Solo

Custodians.

3.      Upon being appointed, the Administrators secured the hard copy and electronic

records of the Solo Custodians.

4.      I, and others under my supervision, have reviewed the Solo Custodians' records to

determine from 2012 to 2015, at which financial institutions the Solo Custodians held accounts

in which they could have sub-custodied shares of Danish exchanged-traded stock on behalf of

their clients.  That review identified only four such institutions or sub-custodians for the period

2012 to 2015: J.P. Morgan Securities plc; Skandinaviska Enskilda Banken, Danmark; and

Société Générale SA.  None of the Solo Custodians held accounts at any other sub-custodian

during the period 2012 to 2015 in which shares of Danish exchanged-traded stock could have

been held.

I, [witness], make these statements based on my personal knowledge, and hereby certify

under penalty of perjury under [English perjury law] that the foregoing is true and correct.

Dated:    [London, United Kingdom]

_____, 2021


_____
[Witness]